In the Matter of the Accounting of SEYMOUR MILLER, as Executor of CARMINE CASSANO, Deceased, Respondent. PIETRO FUSCHETTO et al., Respondents; MARIA G. M. CIPRIANO et al., Appellants.— In our opinion, such exclusion was error and requires a new trial. Exhibit B is a

copy of "legal aid proceedings" in Italy which occurred in 1949, and in which application was made on behalf of the wife for free legal aid in order to obtain an increase in testator's alimony payments. Such "legal aid proceedings" indicate that, as a part thereof, a hearing or conference was held before a local Magistrate for the purpose of an "attempted conciliation" between testator and his wife. Exhibit C is a copy of the minutes of such "attempted conciliation." Such exhibits, having been properly authenticated and reflecting, as they do, proceedings which are essentially of a legal and judicial nature, are competent and material to the issues; they should have been received in evidence and given due consideration. Since they related to events which transpired in 1949, they have direct probative force in determining whether, as the Referee found, a resumption of cohabitation and a termination of abandonment actually occurred during the preceding year — 1948. The respondents, of course, should be afforded an opportunity to offer proof in rebuttal or explanation of the facts set forth in such "legal aid proceedings" and to refute any inferences from such facts which may be deemed unfavorable to them. As there is to be a new trial, attention is directed to the absence from the record of any specific proof, in affidavit form or otherwise, showing the full extent of the services rendered by the learned Referee and the time devoted by him to his study of the matter and to the preparation of his comprehensive report. In the absence of such proof it becomes difficult to determine the adequacy or inadequacy of any compensation which may be allowed to the Referee for his services. Such proof should be adduced before the Surrogate. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.